
IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 7:15CR00099 |
| : | |
| ROBERT EUGENE THOMPSON : | |

### STATEMENT OF FACTS

This Statement of Facts briefly summarizes the facts and circumstances surrounding the criminal conduct of the defendant, Robert Thompson, which is at issue in this case. It does not contain all of the information obtained during the investigation and applicable to an accurate Presentence Investigation Report and Sentencing Guidelines calculation. The conduct described below occurred within the Western District of Virginia, and elsewhere.

This Statement of Facts is not protected by proffer agreement or any other agreement, and shall be wholly admissible at trial notwithstanding any Rules or statutes to the contrary, including, but not limited to, Federal Rules of Evidence 408 and 410 and Federal Rule of Criminal Procedure 11.

During the course of this investigation, law enforcement utilized confidential informant(s) to make two controlled buys of cocaine and firearms from Robert Thompson between Specifically, on August 18, 2015, law enforcement utilized a confidential informant to make a August 18, 2015, controlled purchase of cocaine and a firearm from Thompson for $400 of government funds. And August The confidential informant was equipped with an audio/video recording device, and met 27, 2015. Thompson at a location in Roanoke, Virginia. Thompson carried a Hi Point, model JCP, .40 caliber semi-automatic pistol and a white chunk substance to meet with the confidential informant. Thompson sold the confidential informant the white chunk substance and the Hi Point pistol at the same time. The confidential informant turned over the white chunk substance and the firearm to law enforcement. Law enforcement submitted the white chunk substance to the lab, and the lab determined that the substance contained cocaine.

At the time Robert Thompson sold the cocaine and firearm to the confidential informant on August 18, 2015, Thompson had been convicted of a crime punishable by imprisonment for a term exceeding one year. Thompson had not had his rights to possess a firearm restored. Additionally, the Hi Point firearm was test fired, and law enforcement determined that the firearm functioned as designed, in that it was capable of expelling a projectile by the action of an

explosive. Moreover, the Hi Point firearm was determined to have been shipped or transported in interstate or foreign commerce, as the firearm was not manufactured in the Commonwealth of Virginia.

Then, on August 27, 2015, law enforcement utilized a confidential informant to make a controlled purchase of cocaine and a firearm from Thompson for $300. The confidential informant was equipped with an audio/video recording device, and met Thompson at a location in Roanoke, Virginia. Thompson carried a Rossi .38 caliber revolver and a white chunk substance to meet with the confidential informant. Thompson sold the confidential informant the white chunk substance and the Rossi .38 caliber revolver at the same time. The confidential informant turned over the white chunk substance and the firearm to law enforcement. Law enforcement submitted the white chunk substance to the lab, and the lab determined that the substance contained cocaine.

At the time Robert Thompson sold the cocaine and firearm to the confidential informant on August 27, 2015, Thompson had been convicted of a crime punishable by imprisonment for a term exceeding one year. Thompson had not had his rights to possess a firearm restored. Additionally, the Rossi .38 caliber revolver was test fired, and law enforcement determined that the firearm functioned as designed, in that it was capable of expelling a projectile by the action of an explosive. Moreover, the Rossi .38 caliber revolver was determined to have been shipped or transported in interstate or foreign commerce, as the firearm was not manufactured in the Commonwealth of Virginia.

I have reviewed the above Statement of Facts with my attorney and I agree that it is true and accurate. I agree that had this matter proceeded to trial, the United States would have proven the facts outlined above beyond a reasonable doubt.

5/25/16
Date

Robert Thompson
ROBERT THOMPSON
Defendant

5/25/16
Date

Larry W. Shelton
LARRY SHELTON
Attorney for Defendant